918 F.2d 178
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randall Q. BEHNER, Kenneth A. Szesze, Darryl W. Smith,
Plaintiffs-Appellants,
Billy Ray Lancaster, et al., Plaintiffs,
v.
George WILSON, David L. Baker, Warden, W. Wilson, Sgt.,
York, Lt., Defendants-Appellees.
 No. 90-3106.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Randall Q. Behner, Kenneth A. Szesze and Darryl W. Smith request the appointment of counsel on appeal from the denial of their motions for a temporary restraining order or preliminary injunction in a civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiffs, inmates at the Orient Correctional Institution, filed suit seeking declaratory, injunctive and monetary relief from several employees of the Ohio Department of Rehabilitation and Correction. They alleged that they were subjected to urinalysis drug testing in violation of their constitutional rights and that, when they refused such tests, they were found guilty of disobeying direct orders, without being afforded due process. They filed motions for injunctive relief to prevent defendants from implementing further drug testing, disciplining inmates for refusing such tests, using the challenged disciplinary convictions against plaintiffs in their parole hearings, or retaliating against them for filing this action. The district court denied the motions, and this appeal followed.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion in denying the motions for injunctive relief. See Higgs v. Bland, 888 F.2d 443, 448 (6th Cir.1989). Not only do plaintiffs have little likelihood of success on the merits of their complaint, but they have not shown persuasive evidence that they will suffer irreparable harm in the absence of an injunction. Third parties would be harmed and the public interest would not be served by the issuance of an injunction, as the continued use of drug testing clearly serves the public interest, and enjoining disciplinary actions on the basis of refusal to undergo drug testing would undermine prison discipline by encouraging inmates to challenge direct orders from correctional officers.
 
 
 4
 Accordingly, the request for counsel is denied and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.